**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

JUN 26 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RONALD GILLION,

No.    21-55030

Petitioner-Appellant,

D.C. No.
2:18-cv-03004-SB-LAL

v.

DEBBIE ASUNCION, Warden,

MEMORANDUM*

Respondent-Appellee.

Appeal from the United States District Court
for the Central District of California
Stanley Blumenfeld, Jr., District Judge, Presiding

Argued and Submitted June 8, 2023
Pasadena, California

Before:  GRABER and OWENS, Circuit Judges, and TUNHEIM,** District Judge.

Ronald Gillion appeals from the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition challenging his conviction for attempted first degree murder.  As the parties are familiar with the facts, we do not recount them here.  We have jurisdiction under 28 U.S.C. § 2253, and we affirm.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable John R. Tunheim, United States District Judge for the District of Minnesota, sitting by designation.

We review de novo a district court's denial of habeas relief. *Varghese v. Uribe*, 736 F.3d 817, 822 (9th Cir. 2013). Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which governs this petition, we may grant a claim adjudicated on the merits only if the state court's decision was (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

Gillion challenges the state court's denial of his petition alleging ineffective assistance of counsel for his attorney's failure to investigate and call Latisha Adkins, a potentially exculpatory witness, to testify at trial. To prevail, he must show (1) deficient performance and (2) prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Prejudice requires "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "The likelihood of a different result must be substantial, not just conceivable." *Harrington v. Richter*, 562 U.S. 86, 112 (2011). "The standards created by *Strickland* and [AEDPA] are both highly deferential, and when the two apply in tandem, review is doubly so." *Id.* at 105 (cleaned up).

The state court reasonably found that, even assuming that trial counsel rendered deficient performance, Gillion failed to show prejudice. When evaluating

prejudice, "we must compare the evidence that actually was presented to the jury with that which could have been presented had counsel acted appropriately." *Cannedy v. Adams*, 706 F.3d 1148, 1164 (9th Cir. 2013) (citation omitted), *as amended on denial of reh'g*, 733 F.3d 794.  Although Adkins would have supported Gillion's sole defense testimony at trial, it was reasonable for the state court to find no substantial likelihood of a different result given the myriad issues with Adkins's credibility, the victim's repeated and corroborated identifications of Gillion as the shooter, and evidence of witness intimidation.  *See Staten v. Davis*, 962 F.3d 487, 497-98 (9th Cir. 2020) (finding reasonable the state court's determination of no prejudice because, despite trial counsel's failure to present exonerating witnesses, the omitted testimony was "no more reliable" than the evidence presented, and the prosecution provided "compelling evidence" of the petitioner's guilt).

Accordingly, we cannot say that the state court's conclusion "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Richter*, 562 U.S. at 103.

**AFFIRMED.**